UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM B. LUTTMANN,<br><br>Plaintiff,<br><br>v.<br><br>TIFFANY AND COMPANY,<br><br>Defendant. | Civil Action No. 07-3521 (SRC)<br><br>**OPINION** |

**CHESLER**, District Judge

This matter comes before the Court upon the motion for summary judgment filed by Defendant Tiffany and Company ("Defendant" or "Tiffany") [docket item no. 14]. Plaintiff William B. Luttmann ("Plaintiff") has opposed the motion. The Court scheduled oral argument for Tuesday, January 13, 2009 on notice to the parties; however, due to the death of a close family member, Plaintiff's counsel was unable to appear for the argument. The Court has thus decided to adjudicate the motion based on the papers submitted, pursuant to Federal Rule of Civil Procedure 78. It has considered the parties' written submissions, and for the reasons discussed below, grants Defendant's motion for summary judgment.

**I.    BACKGROUND**

Plaintiff's Complaint asserts two claims: a claim for tortious interference with prospective economic advantage under New Jersey law and a violation of the Fair Credit

Reporting Act, 15 U.S.C. 1681, <u>et seq.</u> ("FCRA"). Defendant moves for summary judgment on the entirety of the Complaint. In connection with the motion, Defendant submitted a statement of undisputed material facts which Plaintiff has not contested. The facts asserted in Plaintiff's own opposition brief demonstrate that he has no cause of action under either his common-law theory of tortious interference or the FCRA.

Plaintiff asserts that on or about September 9, 2004, at which time Plaintiff was an employee of Tiffany, it was brought to the attention of his supervisor that from December 6, 2003 thorough May 22, 2004, Plaintiff manually changed his own federal withholding taxes for approximately ten pay periods. This conduct violated Defendant's policies. Plaintiff offered to resign because he felt he had embarrassed his boss, but he was told that if he resigned, he would not be able to claim unemployment benefits. Ultimately, Plaintiff decided not to resign and was instead terminated.

Plaintiff secured other employment, which is not relevant to the instant dispute. He later sought another job, this time with Wyndham Worldwide ("Wyndham") as a payroll manager. Before his interview for the position, he filled out and submitted a job application on which he indicated that his reason for leaving Defendant's employ was "personal."

In connection with the employment process, Plaintiff signed a copy of a consumer report authorization given to him by Wyndham. Plaintiff's understanding was that he was signing an authorization for Wyndham to do a background check, though it was unclear to Plaintiff what exactly the background check would consist of. Plaintiff received a letter, dated January 26, 2007, confirming Wyndham's verbal offer of employment, but adding that "this offer is contingent upon satisfactory background verification, as well as compliance with federal

2

immigration employment law requirements." (Parker Cert., Ex. G.) Plaintiff returned a signed copy of the letter, indicating his acceptance of the offer. Plaintiff testified at deposition that he understood that Wyndham would need to complete the background check before the offer could be finalized.

On or about January 31, 2007, Plaintiff received a telephone call from a Wyndham representative who indicated that there seemed to be a problem with the circumstances under which he left Defendant's employ. The caller explained that Wyndham had received information, based on the background check, that Plaintiff was terminated for misconduct. The caller then asked Plaintiff sign a release so that Wyndham could obtain Plaintiff's employment information from Tiffany. Wyndham mailed the release to Plaintiff, but Plaintiff never returned a signed release form to Wyndham. On or about February 20, 2007, Wyndham withdrew its contingent offer of employment.

## II. DISCUSSION

The standard upon which a court must evaluate a summary judgment motion is well-established. Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Kreschollek v. S. Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. See Boyle v.

Allegheny Pennsylvania, 139 F.3d 386, 393 (3d Cir. 1998).  The moving party bears the burden of establishing that no genuine issue of material fact remains.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also Anderson, 477 U.S. at 247-48.  The Supreme Court has held that and Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)); Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) ("to raise a genuine issue of material fact . . . the [non-moving party] need not match, item for item, each piece of evidence proffered by the movant," but  "must exceed the 'mere scintilla' threshold").

In this case, construing all facts in the light most favorable to Plaintiff, the Court concludes that Defendant had demonstrated that it is entitled to judgment on the tortious interference claim as a matter of law.  To state a valid claim for tortious interference with prospective economic advantage under New Jersey law, a plaintiff must establish: "(1) a reasonable expectation of economic advantage to plaintiff; (2) interference done intentionally and with malice; (3) causal connection between the interference and the loss of prospective gain; and (4) actual damages."  Varrallo v. Hammond Inc., 94 F.3d 842, 848 (3d Cir. 1996) (citing Printing

4

Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739 (1989)).  Plaintiff's claim founders on one essential element - the requirement of malice.  It is clearly established under New Jersey law that a former employer that gives truthful information to a prospective future employer does not act with malice and that providing truthful information is simply not actionable.  East Penn Sanitation, Inc. v. Grinnell Haulers, 294 N.J. Super. 158, 180 (App. Div. 1996), cert. denied, 148 N.J. 458 (1997).   The New Jersey Appellate Division has reasoned:

> One essential element of a cause of action for tortious interference with a contract is "malice," which requires a showing not only that the interference was done "intentionally" but also that it was "without justification or excuse." *Printing Mart-Morristown v. Sharp Electronics Corp.*, supra, 116 N.J. at 751, 563 A.2d 31. Thus, it is generally recognized that a party may not be held liable for tortious interference for merely providing truthful information to one of the contracting parties. Restatement (Second) of Torts § 772(a) (1977) ("One who intentionally causes a third person not to perform a contract ... does not interfere improperly with the other's contracted relation, by giving the third person truthful information"); *C.R. Bard, Inc. v. Wordtronics Corp.*, 235 N.J.Super. 168, 173-74, 561 A.2d 694 (Law Div.1989) ("It is not improper to give truthful information to a customer about someone else's product, and this is so even if the purpose is to interfere with an existing or prospective contractual relationship"); *Liebe v. City Finance Co.*, 98 Wis.2d 10, 295 N.W.2d 16, 18 (Ct.App.1980) ("[T]he transmission of truthful information is privileged, does not constitute improper interference with a contract, and cannot subject one to liability for tortious interference with a contract"); *Contra Pratt v. Prodata, Inc.*, 885 P.2d 786, 790 (Utah 1994).

Id. at 179-180.

Here, there is not the slightest doubt - indeed, it is uncontested - that plaintiff was terminated from his employment with Tiffany because of his violation of the company's policies.  This material fact remains uncontroverted: Defendant's communication that Plaintiff was discharged for misconduct was wholly truthful.  Thus, Plaintiff could not prevail upon his

5

tortious interference claim against Tiffany as a matter of law.

As for Plaintiff's claim under the FCRA, the Court finds that summary judgment in favor of Defendant is warranted. Plaintiff did not submit any opposition to the portion of Defendant's motion dealing with the FCRA claim, and therefore, that claim is deemed abandoned.

### III.    CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion for summary judgment. An appropriate form of order will be filed together with this Opinion.


                                           s/ Stanley R. Chesler
                                          STANLEY R. CHESLER
                                          United States District Judge


Dated: January 23, 2009